IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WAVE LINX LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LIFESIZE, INC.**<br><br>    **Defendant.** | **Civil Action No. 6:22-cv-00432-ADA**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT AND ADDITIONAL DEFENSES**

Defendant Lifesize, Inc. ("Lifesize" or "Defendant") hereby files its Answer and Additional Defenses to Plaintiff Wave Linx, LLC's ("Plaintiff" or "Wave Linx") Complaint for Patent Infringement ("Complaint"), as follows.

**NATURE OF THE ACTION**

**Complaint No. 1:** This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), against Defendant Lifesize, Inc. (hereinafter "Defendant") for infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 8,843,549 ("the '549 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**Answer to Complaint No. 1:** Lifesize admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code, but Lifesize denies any liability thereunder.

1

## THE PARTIES

**Complaint No. 2:**  Plaintiff is a Texas limited liability company with its principal place of business at 2108 Dallas Parkway, Suite 214, #1010, Plano, TX 75093.

**Answer to Complaint No. 2:**  Lifesize lacks sufficient information with which to form a belief as to the truth of the allegations contained in this paragraph.

**Complaint No. 3:**  Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 1601 South MoPac Expy., Suite 100, Austin, Texas 78746. Upon information and belief, Defendant may be served with process c/o CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

**Answer to Complaint No. 3:**  Admitted.

**Complaint No. 4:**  Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the Internet website located at www.Lifesize.com, which is in the business of providing communication services, amongst other services. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at www.Lifesize.com, and its incorporated and/or related systems (collectively, the "Defendant's Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant's Website.

**Answer to Complaint No. 4:**  Lifesize admits that it operates the www.Lifesize.com website.  Lifesize also admits that it does business in this judicial district.  Lifesize does not contest venue in this judicial district, but because of Lifesize's lack of contacts with Waco

Lifesize has moved for the transfer of this case from the Waco division to the Austin Division pursuant to 28 U.S.C. § 1404(a).

## JURISDICTION AND VENUE

**Complaint No. 5:** This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

**Answer to Complaint No. 5:** Lifesize admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code, but Lifesize denies any liability thereunder.

**Complaint No. 6:** The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

**Answer to Complaint No. 6:** Admitted.

**Complaint No. 7:** This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because Plaintiff's injury and cause of action arose in this District, as alleged herein.

**Answer to Complaint No. 7:** The allegations contained in this paragraph of the Complaint are conclusions of law to which no response of Lifesize is required.

**Complaint No. 8:** Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District; and (iii) being incorporated in this District.

**Answer to Complaint No. 8:**  The allegations contained in this paragraph of the Complaint are conclusions of law to which no response of Lifesize is required.  To the extent any response is required, Lifesize denies any allegations that it has infringed.

**Complaint No. 9:**  Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017), because Defendant maintains a regular and established place of business in this District.

**Answer to Complaint No. 9:**  Lifesize does not contest venue in this judicial district, but because of Lifesize's lack of contacts with Waco Lifesize has moved for the transfer of this case from the Waco division to the Austin Division pursuant to 28 U.S.C. § 1404(a).

<strong><u>FACTUAL ALLEGATIONS</u></strong>

**Complaint No. 10:**  On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '549 Patent, entitled "Streaming Method for Transmitting Telephone System Notifications to Internet Terminal Devices in Real Time" after a full and fair examination. The '549 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

**Answer to Complaint No. 10:**  Lifesize admits that U.S. Patent No. 8,843,549 ("the '549 Patent" or the "Patent-in-Suit") is entitled "Streaming Method for Transmitting Telephone System Notifications to Internet Terminal Devices in Real Time" and states on its face that it was issued on October 23, 2012, and that what purports to be the '549 Patent was attached as Exhibit A to the Complaint.

**Complaint No. 11:**  Plaintiff is presently the owner of the '549 Patent, having received all right, title and interest in and to the '549 Patent from the previous assignee of record. Plaintiff

possesses all rights of recovery under the '549 Patent, including the exclusive right to recover for past infringement.

**Answer to Complaint No. 11:**  Lifesize lacks sufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and on that basis denies the allegations set forth therein.

**Complaint No. 12:**  To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. §287.

**Answer to Complaint No. 12:**  Lifesize lacks sufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and on that basis denies the allegations set forth therein.

**Complaint No. 13:**  The invention claimed in the '549 Patent comprises a method for an application involving real-time notification of a client by a telephone switching system.

**Answer to Complaint No. 13:**  The allegations contained in this paragraph of the Complaint are conclusions of law to which no response of Lifesize is required.

**Complaint No. 14:**  The '549 Patent contains two independent claims and eight dependent claims.

**Answer to Complaint No. 14:**  Admitted.

**Complaint No. 15:**  Claim 1 of the '549 Patent states:

"1. A method for an application involving real-time notification of a client by a telephone switching system, comprising:

    a)    opening a connection between the client and a server;

    b)    transmitting notification messages from the telephone switching system to the server using a networking protocol;

   c)  transforming the notification messages at the server into a programming language code and using said networking protocol for sending the programming language code to the client, wherein the programming language code is executable by the client's browser;

   d)  using an HTTP streaming mechanism for transmission of the notification from the server to the browser through the open connection, whereby the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages; and

   e)  executing the programming language codes by the browser whereby the respective notification messages are displayed or outputted at the client." See Exhibit A.

**Answer to Complaint No. 15:** Admitted.

**Complaint No. 16:** Defendant commercializes, inter alia, methods that perform all the steps recited in at least Claim 1 of the '549 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '549 Patent. Specifically, Defendant made, used, sold, offered for sale, or imported a product practicing a method that encompasses that which is covered by Claim 1 of the '549 Patent.

**Answer to Complaint No. 16:** Denied.

## DEFENDANT'S PRODUCTS

**Complaint No. 17:** Defendant offers products, such as the "Lifesize Video Conferencing App" (the "Accused Product")[1], that practices a method for an application involving real-time notification (e.g., joining session/leaving session notification, live chat notification) of a client by a telephone switching system. A non-limiting and exemplary claims chart comparing the Accused Product to Claim 1 of the '549 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

6

**Answer to Complaint No. 17:**  Denied.

**Complaint No. 18:**  As recited in one step of Claim 1, the Accused Product practices opening a connection between the client (e.g., joining/starting a meeting) and a server (e.g., Lifesize server). See Exhibit B.

**Answer to Complaint No. 18:**  Denied.

**Complaint No. 19:**  As recited in another step of Claim 1, the Accused Product practices transmitting notification messages from the telephone switching system (e.g. a user who joined the meeting using dial-in telephone or PSTN phone) to the server (e.g., Lifesize server) using a networking protocol (e.g., IP). See Exhibit B.

**Answer to Complaint No. 19:**  Denied.

**Complaint No. 20:**  As recited in a third step of Claim 1, the Accused Product practices transforming the notification messages (e.g., joining session/leaving session notification, live chat notification) at the server (e.g., Lifesize server) into a programming language code (e.g., markup language code such as HTML code) and using said networking protocol (e.g., IP) for sending the programming language code to the client (e.g., a user utilizing a web browser based version of the Lifesize Collaborate), wherein the programming language code is executable by the client's browser (e.g., the web browser of a user). See Exhibit B.

**Answer to Complaint No. 20:**  Denied.

**Complaint No. 21:**  As recited in another step of Claim 1, the Accused Product uses an HTTP streaming (e.g., meeting session streaming to a user's web browser) mechanism for transmission of the notification (e.g., joining session/leaving session notification, live chat notification) from the server (e.g., Lifesize server) to the browser (e.g., web browser of the user such as Google Chrome) through the open connection (e.g., ongoing meeting session), whereby

the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages. See Exhibit B.

**Answer to Complaint No. 21:**  Denied.

**Complaint No. 22:**  As recited in another step of Claim 1, the Accused Product practices executing the programming language codes (e.g., markup language code such as HTML code) by the browser (e.g., web browser of the user such as Google Chrome) whereby the respective notification messages are displayed or outputted (e.g., display notification or play sound) at the client. See Exhibit B.

**Answer to Complaint No. 22:**  Denied.

**Complaint No. 23:**  The elements described in the preceding paragraphs are covered by at least Claim 1 of the '549 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '549 Patent.

**Answer to Complaint No. 23:**  Denied.

## INFRINGEMENT OF THE '549 PATENT

**Complaint No. 24:**  Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 to 25.

**Answer to Complaint No. 24:**  Lifesize incorporates its responses to the preceding paragraphs of this Complaint as if fully set forth herein.

**Complaint No. 25:**  In violation of 35 U.S.C. § 271, Defendant directly infringed the '549 Patent.

**Answer to Complaint No. 25:**  Denied.

**Complaint No. 26:**  Defendant has had knowledge of infringement of the '549 Patent at least as of the service of the present Complaint.

**Answer to Complaint No. 26:**  Denied.

**Complaint No. 27:**  Defendant has directly infringed at least one claim of the '549 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '549 Patent, Plaintiff has been and continues to be damaged.

**Answer to Complaint No. 27:**  Denied.

**Complaint No. 28:**  By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '549 Patent, pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 28:**  Denied.

**Complaint No. 29:**  Defendant has committed these acts of infringement without license or authorization.

**Answer to Complaint No. 29:**  Lifesize denies that it has committed any acts of infringement and denies that any license or authorization from Plaintiff was or is necessary.

**Complaint No. 30:**  As a result of Defendant's infringement of the '549 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

**Answer to Complaint No. 30:**  Denied.

**Complaint No. 31:**  Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**Answer to Complaint No. 31:**  The allegations contained in this paragraph of the Complaint consist of legal arguments and conclusions of law to which no response of Lifesize is required.

## DEMAND FOR JURY TRIAL

**Complaint No. 32:**  Plaintiff demands a trial by jury of any and all causes of action.

**Answer to Complaint No. 32:**  The allegations contained in this paragraph of the Complaint require no response from Lifesize.

## PRAYER FOR RELIEF

Lifesize denies that Plaintiff is entitled to any relief requested in its Prayer for Relief, or any other relief whatsoever in connection with the '549 Patent.

## DEFENDANT'S ADDITIONAL DEFENSES

Lifesize's investigation of defenses available to it is ongoing, and Lifesize therefore reserves the right to amend its Answer and to add defenses and counterclaims as its investigation continues.  Lifesize repeats, re-alleges and incorporates into each defense the allegations of each Paragraph of the Answer, whether numbered or not, as if fully set forth herein.  In further response to the Complaint and as defenses, but without assuming a burden that it would not otherwise have, Lifesize alleges the following additional defenses to the allegations in the Complaint:

### First Additional Defense
### (Failure to State a Claim)

Plaintiff's claims are barred wholly or in part because Plaintiff has failed to state any claim upon which relief can be granted with sufficient specificity and/or factual support to put Lifesize on notice as to the claim being made.

10

### Second Additional Defense
### (Invalidity)

One or more claims of the '549 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112 and/or because of double patenting.

### Third Additional Defense
### (Non-Infringement)

Without altering the burden of proof on Plaintiff's infringement claims, Lifesize does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or services that infringe any valid and/or enforceable claim of the '549 Patent, either directly, indirectly, contributorily, literally, through the doctrine of equivalents, or otherwise, and has not induced others to infringe any valid and/or enforceable claim of the '549 Patent.

### Fourth Additional Defense
### (35 U.S.C. § 286)

Plaintiff's recovery for alleged infringement of the '549 Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

### Fifth Additional Defense
### (35 U.S.C. § 287)

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those alleged damages occurring only after sufficient notice of infringement, including as a result of the failure of Plaintiff, any predecessor-in-interest and/or their licensees to mark products embodying the purported inventions of the '549 Patent.

### Sixth Additional Defense
### (Prosecution History Estoppel)

By reason of positions taken during prosecution of the '549 Patent, Plaintiff is estopped and otherwise barred from asserting that any claim of the '549 Patent covers, either literally or by the doctrine of equivalents, any product or method made, used, sold, offered for sale, or imported by Defendant.

### Seventh Additional Defense
### (Equitable Defenses)

Plaintiff is barred from recovering in this suit under the doctrines of laches, estoppel, waiver, unclean hands and/or acquiescence.

### Eighth Additional Defense
### (Equitable Estoppel)

Plaintiff is barred from pursuing infringement allegations involving the '549 Patent because the longstanding misleading conduct of and/or silence in failing to enforce the patent against Lifesize by Plaintiff led Lifesize to reasonably infer that Plaintiff did not intend to enforce its patents, Lifesize relied on this conduct and/or silence, and Lifesize will be materially prejudiced by allowing Plaintiff's claims to proceed.

### Ninth Additional Defense
### (Exceptional Case)

Pursuant to 35 U.S.C. § 285 and the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014), Plaintiff filed this action without a good faith

EAST\193062359.1

basis, making this an exceptional case. Consequently, Plaintiff is liable for any and all attorneys' fees, expenses, and costs incurred by Lifesize in connection with this action.

### Tenth Additional Defense
### (Bar To Damages)

Plaintiff's claims for damages are barred for failure to mark as required by 35 U.S.C. § 287 or give proper notice to Lifesize.  Lifesize did not receive constructive notice of the '549 Patent and did not receive actual notice of the '549 Patent until the Complaint was filed in this action.  The Complaint was filed on April 28, 2022, which is after the '549 Patent expired.  Thus, there are no damages in this case.

### Eleventh Additional Defense
### (Ensnarement)

Plaintiff's infringement claims are barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

### RESERVATION OF DEFENSES

Defendant reserves the right to assert any defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all claims and defenses so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiff as follows:

1.	Enter judgment against Plaintiff and in favor of Defendant, thereby dismissing Plaintiff's Complaint with prejudice, and order that Plaintiff is entitled to no recovery on the Complaint;

2.	Find that Defendant has not infringed and is not infringing any valid claim of the Patent-in-Suit, either directly or indirectly, contributorily, willfully, literally, under the doctrine of equivalents, or otherwise, and has not induced others to infringe the '549 Patent;

3.	Find that the claims of the '549 Patent are invalid;

4.	Find that no damages or royalties are due for any of the acts alleged by Plaintiff in its Complaint;

5.	Find that this is an exceptional case pursuant to 35 U.S.C. § 285, and award Defendant its attorneys' fees and full costs of suit; and

6.	Grant such other further relief as the Court may deem proper and just.

Dated:  June 27, 2022                                  Respectfully submitted,

*/s/ Michael G. Strapp*
John M. Guaragna
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX  78701
Tel: (512) 457-7125
Fax: (512) 457-7001
john.guaragna@us.dlapiper.com

Michael G. Strapp (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Tel: (617) 406-6000
Fax: (617) 406-6100
michael.strapp@us.dlapiper.com

Dwayne K. Goetzel
Texas Bar No. 08059500
**KOWERT, HOOD, MUNYON, RANKING & GOETZEL, P.C.**
1120 S. Capital of Texas Highway
Building 2, Suite 3000
Austin, TX  78746
Tel: (512) 853-8800
Fax: (512) 853-8801
dgoetzel@intprop.com

*Attorneys for Lifesize, Inc.*

15

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on June 27, 2022, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via electronic mail. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael G. Strapp*
*Michael G. Strapp*